UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRIS WELLS | CIVIL ACTION |
| VERSUS | NO. 19-12218 |
| GERALD A. TURLICH, JR. ET AL. | M. J. WILKINSON |

## ORDER AND REASONS ON MOTION

This is principally[1] a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983 ("Section 1983") by plaintiff Chris Wells against Sheriff Gerald A. Turlich, Orbon Tinson, Warden Denise Narcisse and Egan Medical Staffing, LLC ("Egan"). This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 18. Wells's complaint alleges constitutionally inadequate medical care in that defendants exhibited deliberate indifference to his serious medical needs during his incarceration at Plaquemines

---

[1]This motion has been filed by the company that supplies medical staff to Plaquemines Parish Detention Center and the motion papers focus exclusively on plaintiff's claims for constitutionally inadequate medical care. Accordingly, this order addresses only the inadequate medical care claims. I note that the complaint asserts vague and conclusory claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 701 et seq., and state law. Id. at ¶¶ 2, 7. However, the complaint goes on to state a single cause of action only under the Eighth Amendment and 42 U.S.C. § 1983. Certainly, the allegations in the complaint fail adequately to assert ADA, Rehabilitation Act or state law claims of any sort. "As a general rule, '[e]ven if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties.'" Century Sur. Co. v. Blevins, 799 F.3d 366, 372 (5th Cir. 2015) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure—Civil § 1357 (3d ed. 2004). "In the Fifth Circuit, fairness requires that a litigant have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous." Id. **Plaintiff is hereby put on notice that he must file a motion to amend his complaint either with defendants' consent pursuant to Local Rule 7.3 or noticed for submission pursuant to Local Rule 7.2, adequately asserting any claims under the ADA, Rehabilitation Act or state law, no later than January 10, 2020. Failure timely to seek amendment will result in an order dismissing plaintiff's claims under the ADA, Rehabilitation Act and state law without further hearing or briefing.**

Parish Detention Center in Davant, Louisiana. Record Doc. No. 1 at ¶¶ 2, 43–65. Wells seeks compensatory damages, attorneys' fees and costs. Id. at p. 9.

Defendant Egan filed a Rule 12(b)(6) motion to dismiss all of plaintiff's claims against it. Record Doc. No. 15. Plaintiff filed a timely opposition memorandum. Record Doc. No. 20. Having considered the complaint, the record, the written submissions of counsel and applicable law, and for the following reasons, IT IS ORDERED that the motion is DENIED.

I. LEGAL STANDARD

Egan moves to dismiss plaintiff's complaint for failure to state a claim for constitutionally inadequate medical care. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), as clarified by the Supreme Court,

> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison Capital

Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

"With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v. City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 556 U.S. at 696; Elsensohn v. St. Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

Prison officials are obligated under the Eighth Amendment to provide prisoners with adequate medical care, regardless whether the medical care is provided by governmental employees or by private medical staff under contract with the government. Estelle v. Gamble, 429 U.S. 97, 103 (1976); West v. Atkins, 487 U.S. 42, 57–58 (1988); Richardson v. McKnight, 521 U.S. 399 (1997). Before the Fifth Circuit's decision in Hare v. City of Corinth, 74 F.3d 633 (5th Cir. 1996), it appeared that prison officials must provide pretrial detainees with reasonable medical care unless the failure to provide it was reasonably related to a legitimate government interest. Bell v. Wolfish, 441 U.S. 520, 539 (1979); Cupit v. Jones, 835 F.2d 82, 85 (5th Cir. 1987); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). The inquiry was "whether the denial of medical care . . . was objectively reasonable in light of

the Fourteenth Amendment's guarantee of reasonable medical care and prohibition on punishment of pretrial detainees." Pfannstiel v. City of Marion, 918 F.2d 1178, 1186 (5th Cir. 1990), abrogated on other grounds as recognized in Martin v. Thomas, 973 F.2d 449, 455 (5th Cir. 1992).

In Hare, however, the Fifth Circuit held

> (1) that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement; and (2) that a state jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk.

74 F.3d at 650. For the Bell "reasonable relationship" test to be applicable, the pretrial detainee must be able to state a claim that a prison official's act either "implement[s] a rule or restriction or otherwise demonstrate[s] the existence of an identifiable intended condition or practice" or that the "official's acts or omissions were sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice." Id. at 645. If the pretrial detainee is unable to plead either, the incident will be considered to be an episodic act or omission, and the deliberate indifference standard enunciated in Estelle, 429 U.S. at 104, will apply. Shepherd v. Dallas County, 591 F.3d 445, 452 (5th Cir. 2009) (citing Bell, 441 U.S. at 539; Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997); Hare, 74 F.3d at 649); Tamez v. Manthey, 589 F.3d 764, 769–70 (5th Cir. 2009) (citing Scott, 114 F.3d at 53; Hare, 74 F.3d at 649).

Under Estelle, a convicted prisoner states a claim for relief under Section 1983 for inadequate medical care only if he alleges that there has been "deliberate indifference to serious medical needs" by prison officials or other state actors. Only deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105–06; accord Gregg v. Georgia, 428 U.S. 153, 182–83 (1976); Tamez, 589 F.3d at 770; Hare, 74 F.3d at 650. "Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). The Farmer definition applies to Eighth Amendment medical claims. Reeves, 27 F.3d at 176.

An inmate must allege two requirements to state a claim that a prison official has violated the Eighth Amendment. If the court finds that one of the components of the test is not alleged, it need not address the other component. Davis, 157 F.3d at 1005. "First, the deprivation alleged must be, objectively, 'sufficiently serious;' a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quotation omitted). Thus, plaintiff must allege that defendants "exhibited deliberate indifference to his serious medical needs." Cooper v. Johnson, 353 F. App'x 965, 967 (5th Cir. 2009) (citing Wilson v. Seiter, 501 U.S. 294, 297 (1991)); accord Harris, 198 F.3d at 159; Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993).

Further, plaintiff must allege that defendants possessed a culpable state of mind. Farmer, 511 U.S. at 838 (citing Wilson, 501 U.S. at 298). A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837; accord Tamez, 589 F.3d at 770 (citing Thompson v. Upshur County, 245 F.3d 447, 458–59 (5th Cir. 2001)). "Such a showing requires the inmate to allege that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Brewster v. Dretke, 587 F.3d 764, 770 (5th Cir. 2009), cert. denied, 560 U.S. 944 (2010) (quoting Domino v. Texas Dep't of Crim. Justice, 239 F.3d 752, 756 (5th Cir. 2001)) (emphasis added).

> The Supreme Court has recently reaffirmed that "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." . . . The "deliberate indifference" standard permits courts to separate omissions that amount to an intentional choice from those that are merely unintentionally negligent oversight[s].

Southard v. Texas Bd. of Crim. Justice, 114 F.3d 539, 551 (5th Cir. 1997) (quoting Board of County Comm'rs v. Brown, 520 U.S. 397, 410 (1997) (other quotations omitted))(emphasis added); accord Tamez, 589 F.3d at 770. "'Subjective recklessness,'" as used in the criminal law, is the appropriate test for deliberate indifference." Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

"[D]elay in medical care constitutes deliberate indifference in violation of the Eighth Amendment if a prison official disregards a substantial risk of serious harm by failing to take reasonable measures to abate it, and the delay results in substantial harm." Delaughter v. Woodall, 909 F.3d 130, 138 (5th Cir. 2018) (citing Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)). However, "a mere disagreement with one's medical treatment is insufficient to show deliberate indifference, as are claims based on unsuccessful medical treatment, negligence, or medical malpractice." Id. (citing Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Defendant additionally argues that it is entitled to qualified immunity for its actions under the Supreme Court's decision in Saucier v. Katz, 553 U.S. 194 (2001). The Fifth Circuit has summarized the procedure and substance applicable to assertion of the qualified immunity doctrine as follows:

> The doctrine of qualified immunity offers a shield against civil liability for government employees "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." . . . . "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken."
> In Saucier . . . the Supreme Court articulated a mandatory "two-step sequence for resolving government officials' qualified immunity claims." Saucier required that lower courts consider first, whether "the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law," and second, if a violation has been alleged, "whether the right was clearly established" at the time of the alleged government misconduct.

Wernecke v. Garcia, 591 F.3d 386, 392 (5th Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009); Saucier, 533 U.S. at 201; Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Anderson v. Creighton, 483 U.S. 635, 639 (1987)) (internal quotations omitted) (additional citations omitted).

II. ANALYSIS

Plaintiff's allegations are more than sufficient to state a claim for relief for constitutionally inadequate medical care and to avoid dismissal as a pleading matter on qualified immunity grounds. Wells's complaint states that he is a paraplegic with paralysis below the waist and requires the use of a wheelchair and a Bardia foley catheter. Record Doc. No. 1 at ¶ 11. Plaintiff alleges that he was involved in a prison altercation in which another inmate struck him from behind and caused him to be ejected from his wheelchair, resulting in a broken bone in plaintiff's left leg. Id. at ¶¶ 38–39. He states that following the altercation, prison officials immediately placed him on "lockdown" without medical attention, and his broken leg remained undiagnosed and untreated for approximately four months. Id. at ¶¶ 40, 65. Wells further alleges that after he provided urine test samples at a University Medical Center ("UMC") doctor's appointment, an Egan/prison nurse advised him that no urinary tract infection was found, despite plaintiff having been told by his UMC doctor that he not only had a urinary tract infection that spread to his kidneys, but also had a torn urethra down the shaft of his penis that required wound care. Id. at ¶¶ 14, 17, 20, 21. Plaintiff alleges that the test results confirming the urinary tract infection diagnosis were communicated to the prison by UMC. Id. at ¶ 20, 62. Plaintiff further states that the prison

delayed ordering the necessary medications to treat his urinary tract infection for approximately two months after his initial diagnosis and provided him with no treatment at all for the torn urethra. Id. at ¶¶ 15, 20, 24, 26, 27, 63. Plaintiff additionally alleges that the prison did not change his foley catheter for approximately six weeks, despite its knowledge of his use of and dependence on the catheter. Id. at ¶¶ 29, 30, 62, 64. Upon replacement of the catheter, plaintiff was rushed to the UMC emergency room based on trauma-induced bleeding at the site of the catheter. Id. at ¶¶ 31–35.

Plaintiff's complaint does not indicate whether he was a pretrial detainee or a convicted prisoner during the events that give rise to his inadequate medical care claims. However, in the instant case, plaintiff's pleadings allege that nothing more than episodic acts or omissions as defined in Hare are at issue. See Tamez, 589 F.3d at 770 (defendants' alleged refusal "to provide [prisoner] with immediate medical treatment qualifies as an 'episodic act or omission'"). Therefore, the "deliberate indifference" standard enunciated in Estelle applies to this matter regardless whether plaintiff was a pretrial detainee or convicted prisoner at the time of the events alleged in the complaint. Plaintiff therefore must plead facts sufficient to state a claim that he had serious medical needs, defendants knew he faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it.

There is no question that the gruesome medical symptoms detailed by plaintiff in his complaint – a urinary tract infection that spread to the kidneys, a torn urethra down the penis shaft, trauma-induced bleeding in his urinary catheter and a broken leg from a violent prison altercation – allege sufficiently serious medical conditions. In fact, defendants concede in

their motion papers that the symptoms alleged in plaintiff's complaint constitute serious medical needs. Record Doc. No. 15-2 at p. 7.

Plaintiff's complaint specifically alleges that defendants had actual knowledge of his serious medical needs, including his use of and dependence on the foley catheter, his test results confirming his urinary tract infection diagnosis and torn urethra, and that prison officials were aware of the violent prison altercation that resulted in plaintiff's broken left leg. Plaintiff alleges that defendants acted with deliberate indifference by delaying plaintiff's medical care as to the urinary tract infection, catheter replacement and broken leg, and by providing no medical treatment at all for his torn urethra. Record Doc. No. 1 at ¶¶ 20, 61–65. As to the claims of delayed medical care, plaintiff's allegations are sufficient to state a claim that defendants disregarded substantial risks of serious harm by failing to take reasonable measures to abate it, and the delays resulted in substantial harm. Delaughter, 909 F.3d at 138. Plaintiff's complaint thus states a claim for relief for constitutionally inadequate medical care.

Finally, Egan's qualified immunity argument is without merit as a pleading matter because, under the two-step Saucier test, plaintiff has sufficiently alleged (1) that defendants' actions amount to a violation of constitutional law; and (2) that the constitutional right to adequate medical care was clearly established at the time of the alleged misconduct. Record Doc. No. 1 at ¶¶ 43–65. For all of the foregoing reasons, defendant's motion to dismiss is DENIED.

New Orleans, Louisiana, this ___11th___ day of December, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE